**LAW OFFICES OF DOUGLAS F. FAGAN**
DOUGLAS F. FAGAN, State Bar No. 152730
8493 Newburgh Street
Riverside, California 92508
Telephone: (951) 653-1717
Facsimile: (951) 653-1770
Email: dfagan@huskerlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SILVA,<br><br>Plaintiff,<br><br>v.<br><br>RAJNIKANT BHARADWA and PRABHAVATI BHARADWA, as Trustees or Successors in Trust under The P & R Trust dated November 22, 1993, NARAIN TEKCHANDANI, PRAMILA TEKCHANDANI, Individually and Doing Business as The Exeter Street Apartments,<br><br>Defendants. | No.<br><br>COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY |

**I.**

**INTRODUCTION**

1. This action seeks monetary, declaratory, and injunctive relief against defendants, the owners and operators of the subject apartment complex located at 7251 Exeter Street, Paramount, California, 90723 ("Subject Property"), for failing to reasonably accommodate Plaintiff's requests for a comfort companion in violation of

the federal Fair Housing Act, the California Fair Employment and Housing Act, and related federal and state laws.

## II.
## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to Plaintiff's federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper because Mr. Silva's claim arises from unlawful conduct occurring in Los Angeles County, California, and because the rental property that is the subject of this action is located in Paramount, California.

## III.
## PARTIES

4. Plaintiff Alejandro Silva and his wife, Lourdes Guadalupe Silva , began to reside at the Subject Property located in Paramount, California on or about June 22, 2015, and continue to reside at the Subject Property.

5. Mr. Silva brings this action on behalf of himself pursuant to the California Unfair Business Practices Act, California Business & Professions Code Sec. 17204.

6. According to public records, defendants RAJNIKANT BHARADWA and PRABHAVATI BHARADWA, as Trustees or Successors in Trust under The P & R

Trust dated November 22, 1993, and NARAIN TEKCHANDANI, PRAMILA TEKCHANDANI ("Defendants") are and were at all relevant times, the owners and operators of the Subject Property located at 7251 Exeter Street, Paramount, California 90723. The subject property is a "dwelling" within the meaning of the Federal Fair Housing Act, 42 U.S.C. §3602(b); a "housing accommodation" within the meaning of the California Fair Employment and Housing Act, California Government Code §12927(d); and a "business establishment" within the meaning of the Unruh Civil Rights Act, California Civil Code §51(b).

7. Defendants are the purported property managers of the subject property.

8. Julie Doe ("Julie") at all relevant times resided at and served as the onsite manager of the subject property.

9. At all relevant times Defendants have engaged in the business of renting spaces at the subject apartment complex to members of the public. Defendants advertised the subject apartment complex as available for rent by members of the public.

10. Each Defendant is sued herein individually and doing business as The Exeter Street Apartments.

11. Each Defendant is, and at all times herein relevant was, the agent, employee, or representative of each other Defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each Defendant as principal.

## IV.

## FACTS

12. Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against Mr.

Silva by denying his reasonable requests for a comfort companion. Defendants have engaged in this pattern or practice of discrimination with the purpose or effect of denying Mr. Silva's requests for a comfort companion. Defendants' pattern or practice of discrimination includes, but is not limited to:

A. Failing to accept or even consider three notes from the Plaintiff's personal doctor confirming the Plaintiff's medical need for a comfort companion.

B. Failing to make a reasonable accommodation for the Plaintiff by allowing the Plaintiff to obtain a comfort companion, despite the fact that the apartment manager, Julie, has two comfort companions living in her apartment.

13. On or about July 29, 2016, Lourdes Guadalupe Silva, the Plaintiff's wife, gave the manager of the subject property, Julie, a note from the Plaintiff's treating doctor, Dr. Peter Chau, M.D., which stated that Mr. Silva was suffering from anxiety and that Dr. Chau was recommending that Mr. Silva be provided with a comfort companion. Dr. Peter Chau has been Mr. Silva's personal doctor since June 4, 1999. The comfort companion was recommended in order to bring the Mr. Silva a sense of well-being, safety, and calm due to debilitating stress that was substantially limiting the plaintiff's ability to participate in normal daily social activities.

14. On or about July 29, 2016, in response to the note from Dr. Peter Chau, M.D. requesting a comfort companion for Mr. Silva, Julie told Mrs. Silva, "No dogs." "Please, if you don't like to stay you should look for another accommodation."

15. In late 2016 Mr. Silva and his wife went to a dog pound and selected a small Chihuahua as Mr. Silva's emotional support companion. The dog pound personnel learned from the Plaintiff that he lived in an apartment

complex, so said personnel called the subject property and spoke to Julie. Julie was informed that Mr. Silva wished to adopt a Chihuahua, and she was asked whether the Plaintiff would be allowed to bring the dog home. Julie informed the dog pound that the Plaintiff was not allowed to own a dog so the Plaintiff was told that he would not be allowed to adopt said Chihuahua. This incident left Mr. Silva heartbroken.

16. On or about December of 2016 Mr. Silva obtained another note from Dr. Peter Chau stating that Mr. Silva was in need of a comfort companion. This second note was given to Julie.

17. On or about December 14, 2016, Mrs. Silva asked Julie once again whether her husband could have a comfort companion as requested by Dr. Peter Chau, M.D. Julie told Mrs. Silva, “”No dogs please. Does not look like you are happy to stay here so I think you may be happy if you find another place.”

18. In July of 2017 the Plaintiff obtained a third note from his personal doctor, Dr. Peter Chau. When the Plaintiff went to Dr. Chau’s office in order to pick up the note, Dr. Chau’s staff called the subject property and spoke toJulie, to find out whether Mr. Silva was allowed to own a dog. Julie told the doctor’s staff that the Plaintiff was not allowed to own a dog. Due to the conversation with Julie, Dr. Chau’s staff initially informed the Plaintiff that they were not going to have Dr. Chau sign said note and this saddened Mr. Silva. After Mr. Silva explained his need for the comfort companion to the doctor’s stasff, Dr. Chau’s staff had the doctor sign said note.

19. On or about July 10, 2017, Mrs. Silva gave Julie the third note from Dr. Peter Chau dated July 6, 2017. The note stated that due to stress that the Plaintiff suffered from anxiety and that Mr. Silva was in need of a comfort companion.

20. On or about July 11, 2017, Julie, called Dr. Peter Chau’s office and told the doctor’s staff that since Dr. Chau signed the third note that she, Julie, would hold the doctor’s office responsible if the dog bit one of the tenants at the subject apartment complex.

21. On or about July 29, 2017 Mr. Silva and his wife went to a local animal shelter and adopted a miniature poodle.

22. On or about July 31, 2017 Mrs. Silva was in the common area with the Chihuahua, when she was approached by Julie. Julie informed Mrs. Silva that she would allow Mr. Silva to keep the poodle. At this time, Mr. Silva was approximately 89 years old.

## V.
## INJURIES

23. By reason of Defendants' discriminatory practices, Mr. Silva has suffered the violation of his civil rights, emotional distress, including humiliation, mental anguish, anxiety, and attendant bodily injury including, but not limited to, headaches, muscle aches, diarrhea, stress, anxiety, fear and otherwise sustained injury. Accordingly, Mr. Silva is entitled to compensatory damages.

24. In doing the acts of which Plaintiff complains, Defendants and their agents intentionally or recklessly violated Plaintiff's state and federally protected rights. Accordingly, Plaintiff is entitled to punitive damages under federal law.

25. There now exists an actual controversy between the parties regarding Defendants' duties under federal and state civil rights laws. Accordingly, Plaintiff is entitled to declaratory relief under federal and state law.

26. Unless enjoined, Defendants and their agents or employees will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiff has no adequate remedy at law. Plaintiff is now suffering and will

continue to suffer irreparable injury from Defendants' acts and the pattern or practice of discrimination unless relief is provided by this Court. Accordingly, Mr. Silva is entitled to injunctive relief under federal and state law.

**VI.**

**FIRST CLAIM**

**(Fair Housing Act)**

27. Plaintiff re-alleges and incorporates by reference each paragraph previously alleged in this complaint.

28. Defendants injured Plaintiff by failing to reasonably accommodate his requests for a comfort companion in violation of the Fair Housing Act, 42 U.S.C. §3601 *et seq.*

**SECOND CLAIM**

**(California Fair Employment and Housing Act)**

29. Plaintiff re-alleges and incorporates by reference each paragraph previously alleged in this complaint.

30. Defendants injured Plaintiff by failing to reasonable accommodate Mr. Silva's requests for a comfort companion in violation of the California Fair Employment and Housing Act, California Government Code §§12927 and 12955 *et seq.*

**THIRD CLAIM**

**(California Unruh Civil Rights Act)**

31. Plaintiff re-alleges and incorporates by reference each paragraph previously alleged in this complaint.

32. Defendants injured Plaintiff in violation of the Unruh Civil Rights Act by engaging in discriminating against Mr. Silva by refusing to make a reasonable accommodation for Mr. Silva and allow him to obtain a comfort companion in the operation of the subject property, a business establishment within the meaning of California Civil Code §51 *et seq.*,

33. Accordingly, for each offense, Mr. Silva is entitled to actual damages; to an amount up to a maximum of three times the amount of actual damages, but in no case less than four thousand dollars ($4,000); and to attorney's fees that may be determined by the Court.

**FOURTH CLAIM**

**(Unfair Business Practices)**

34. Plaintiff re-alleges and incorporates by reference each paragraph previously alleged in this complaint.

35. In acting as herein alleged, Defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the subject property, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17204.

**FIFTH CLAIM**

**(Negligence)**

36. Plaintiff re-alleges and incorporates by reference each paragraph previously alleged in this complaint.

37. Defendants owed Plaintiff a duty to operate the subject property in a manner that was free from unlawful discrimination against those who have a proven medical need for a comfort companion. Defendants negligently violated that duty by denying multiple requests from the Plaintiff's medical doctor that the plaintiff be provided with a comfort companion due to debilitating stress. Defendants' violation of that duty was the result of negligence, including, but not limited to:

A. Defendants' negligent failure to hire persons as property managers who were familiar with the requirements of state and federal fair housing rights laws, as well as related state and federal laws;

B. Defendants' negligent failure to train its employees and itself regarding the requirements of state and federal fair housing rights laws, as well as related state and federal laws;

C. Defendants' negligent failure to supervise its employees regarding compliance with the requirements of state and federal fair housing rights laws;

D. Defendants' negligent failure to follow standard, recognized rental practices of the community;

E. Defendants' negligent failure to exercise the ordinary and reasonable care and diligence required of a housing provider in the operation and management of the subject rental premises; and/or

F. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing rights

laws.

38. Such negligence was a substantial factor in causing Mr. Silva's injuries. As a direct and proximate result of the aforementioned acts of defendants, Mr. Silva has suffered emotional and physical damages.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alejandro Silva prays for entry of judgment against Defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that Defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with it, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of disability;

4. Awards statutory damages to Mr. Silva pursuant to the Unruh Civil Rights Act;

5. Awards pre-judgment interest and post-judgment interest as provided for by law;

6. Awards costs of suit herein incurred, including reasonable attorneys' fees; and

7. Awards all such other and further relief as the Court may deem proper.

Dated: August 21, 2017

LAW OFFICES OF
DOUGLAS F. FAGAN

By: /s/ Douglas F. Fagan
Douglas F. Fagan
Attorneys for Plaintiff

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Alejandro Silva hereby requests a trial by jury.

Dated: August 21, 2017

LAW OFFICES OF
DOUGLAS F. FAGAN

By: /s/ Douglas F. Fagan
Douglas F. Fagan
Attorneys for Plaintiff